UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:07CV-P133-M

**BURRELL HOWELL**                                                                                       **PETITIONER**

v.

**LARRY CHANDLER, Warden**                                                                **RESPONDENT**

### MEMORANDUM OPINION

By prior Memorandum and Order, the Court recharacterized Petitioner's motion to vacate, set aside, or correct a *federal* sentence filed pursuant to 28 U.S.C. § 2255 as a petition for writ of habeas corpus under 28 U.S.C. § 2254, since he was challenging a *state* sentence (DN 13). Within the same Memorandum and Order, the Court performed a preliminary review of the initiating petition (DN 1) and the amended petition (DN 10) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; concluded that the habeas action appeared to be time barred; and directed Petitioner to show cause why the § 2254 petition should not be denied and the action dismissed as barred by the applicable one-year statute of limitations. Petitioner filed a response. Therein, he offers no argument as to why the action should not be dismissed as time barred but merely refers the Court to a miscellany of attachments which he claims will "clearly show why Petitioner state habeas should not be dismissed." On review, the Court concludes that the habeas action is time barred.

### I.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

      In the present case, the first circumstance applies. Petitioner reports that he was convicted in Henderson County on May 1, 1995,[1] and sentenced to 20 years of imprisonment for 1st degree child abuse and 1st degree sodomy. While he reports in his petition that his public defender did not file a direct appeal of his conviction, a review of the Kentucky Supreme Court's docket sheet reveals that an appeal was filed and that on February 22, 1996, the Kentucky Supreme Court rendered an unpublished opinion affirming Petitioner's convictions and sentence.

---

[1] In the initial petition, Petitioner advises that he was convicted on October 14, 1994, but in the amended petition, he advises that he was convicted on May 1, 1995.

*See* Case No. 95-SC-392-MR. Petitioner's conviction became final for purposes of the AEDPA's limitations period on May 22, 1996, the date on which the 90-day time period for seeking certiorari review from the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F.2d 280, 283 (6th Cir. 2000) ("[U]nder § 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired."). The statute-of- limitations, therefore, expired one year later on May 22, 1997.

A review of the petition, amended petition, and the response to the Court's show cause order and its attachments reveals that neither the instant § 2254 action, which Petitioner certifies he placed in the prison mail system on October 31, 2007, nor any state post-conviction motions were filed or pending during the one-year limitations period from May 22, 1996, through May 22, 1997.[2] Consequently, the habeas action is untimely under the statute, and Petitioner does not allege any circumstances appropriate for applying the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). The habeas action must, therefore, be dismissed.

The Court notes that some of the documents attached to Petitioner's response to the Court's show cause order pertain to the calculation of Petitioner's sentence and eligibility for parole. Should Petitioner want to bring a constitutional challenge to the calculation of his

---

[2] A review of the attachments to Petitioner's response to the Court's show cause order and of the Kentucky Court of Appeals docket sheets, *see* http://apps.kycourts.net/Appeals/COA_Dockets.shtm, discloses that Petitioner filed a RCr 11.42 motion in state court on July 24, 1997, which the trial court denied and the Kentucky Court of Appeals affirmed in November 1999. *See* Case No. 1998-CA-001082-MR. The filing of the RCr 11.42 motion, two months after the expiration of the limitations period did not restart the one-year period for filing a § 2254 petition. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (internal quotation marks omitted)).

sentence or eligibility for parole, he must file a separate action clearly stating his intent to seek such relief.

## II.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

       The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:    Petitioner, *pro se*
4414.005